# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5404 | **DATE** | 8/29/2001 |
| **CASE TITLE** | Javorsky vs. Freedom Driving Aids, Inc., etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Ford Credit's motion to dismiss the TILA claims against it is granted, and its motion to dismiss any of the non-TILA claims for which it may be held liable pursuant to the Holder Rule (25-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | AUG 3 0 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG 29 PM 5:45 | 8/29/2001 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALBERT and JULIE JAVORSKY,  )
                Plaintiffs,  )
                v.  )   No. 00 C 5404
FREEDOM DRIVING AIDS, INC., GETTEL FORD  )
MERCURY, INC. AND FORD MOTOR CREDIT CORP.  )
                Defendants.  )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

    Presently before us is defendant Ford Motor Credit Co.'s ("Ford Credit") motion to dismiss Count VI of plaintiffs Julie and Albert Javorsky's ("plaintiffs") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we grant in part and deny in part the motion.[1]

    Plaintiffs filed an amended complaint consisting of six counts against defendants Freedom Driving Aids, Inc. ("FDAI"), Gettel Ford Mercury, Inc. ("Gettel Ford") and Ford Credit seeking redress for violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., the federal Odometer Act 49 U.S.C. §37201 et seq., and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/10a, as well as for common law fraud and breach of warranty of good title arising out of the sale and financing of a vehicle adapted for use by the physically disabled. Count VI (entitled simply "Liability of Ford Motor Credit"), alleges that Ford Credit was unfair and deceptive in connection with this sale in violation of the ICFA.

---

[1] Ford Credit's reply was due on July 6, 2001. It never filed a reply, and thus we have decided the motion based only on Ford Credit's original memorandum and the plaintiffs' response.



Plaintiffs' complaint is not particularly well-pled. It is this lack of clarity that probably led to the motion to dismiss.[2] Count VI begins by explaining that the retail installment contract relating to the vehicle purchased by plaintiffs included, as required by federal law, the so-called Federal Trade Commission "Holder Rule", (16 C.F.R. §433.2) which states that: Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. The Holder Rule allows a consumer to assert the same claims against an assignee-creditor as could be asserted against the original seller where the seller's breach is so substantial that rescission is warranted. *Jackson v. South Holland Dodge, Inc.*, No. 1-99-1958, 2001 WL 841028 * 9 (Ill., March 15, 2000). The complaint goes on to state that, as holder of the sales contract, Ford Credit may be subject to any of the claims the plaintiffs may have against the seller, in this case, Gettel Ford.

Most of the rest of Count VI refers to the alleged misstatements made by FDAI and Gettel Ford in their TILA disclosures and Ford Credit's purported knowledge that the TILA disclosures were inaccurate. The complaint charges that Ford Credit "accepted, adopted and ratified" the false representations made by FDAI and/or Gettel Ford (concerning the TILA disclosures), and states that this conduct by Ford Credit is in violation of the ICFA, as well as making Ford Credit independently liable for the misrepresentations. A reasonable reading of the complaint seems to indicate that because of the Holder Rule, or because of Ford Credit's alleged ratification of Gettel Ford's misrepresentations, it is liable under TILA and the ICFA for the omissions and misrepresentations in the sales contract.

However, in the context of TILA claims, the federal courts have rejected that the Holder Rule provides for enforcement of a contract against the assignee. That is, TILA's limitation of assignee liability trumps the Holder Rule, see *Jackson*, at *8, and so Ford Credit cannot be liable for the TILA claims asserted against FDAI and Gettel Ford, unless the violation is apparent on the face of the documents assigned. *See Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927, 936 (7thCir.1998).

---

[2] In fact, the parties' briefs often fail to respond to each other and instead address completely unrelated issues and arguments.

2

There is no indication here that such violations were apparent on the face of the documents assigned and thus any TILA claims against Ford Credit must be dismissed.

As for Ford Credit's direct liability for allegedly ratifying the misrepresentations, the Supreme Court of Illinois and a number of courts in the Northern District of Illinois have held that the plain language of section 2 of the ICFA does not include anything that makes it unlawful to knowingly receive the benefits of another's fraud. *See, e.g., Zekman v. Direct American Marketers, Inc.*, 182 Ill.2d 359, 369 (Ill.1998); Crowe *v. Dodge*, 2001 WL 811655, *11 (N.D.Ill.2001); Vance v. *National Benefit Assoc.*, 1999 WL 731764, *5 (N.D.Ill.1999). The statute covers only "actions directly done by the perpetrator of the fraud." Zekman, 182 Ill.2d at 370.

Apparently realizing that they cannot hold Ford Credit liable under either TILA or the ICFA for any TILA-required information that was misrepresented in the sales contract, the plaintiffs argue in their response brief that through the Holder Rule, Ford Credit is liable for the other (non-TILA related) misrepresentations made by Gettel ford and FDAI. Construing the complaint in a light most favorable to the plaintiffs and accepting all allegations as true, as we must on a motion to dismiss, *MCM Partners, Inc. v. Andrew-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7thCir.1995), the plaintiffs have alleged a cause of action against Ford Credit through the Holder Rule. Paragraph 58 of Count VI states: "Plaintiffs have claims and defenses against FDAI and/or Gettel Ford in connection with the purchase of the vehicle, as set forth above." This paragraph together with the citation of the Holder Rule in paragraph 54 can be construed - albeit generously - as sufficient to allege a cause of action under the ICFA holding Ford Credit liable for FDAI's and/or Gettel Ford's alleged non-TILA related misrepresentations concerning the vehicle's mileage, title, taxes and return. The question will be whether plaintiffs can prove that the seller's breach was substantial enough to warrant recission of the contract.

3

For the foregoing reasons, Ford Credit's motion to dismiss the TILA claims against it is granted, and its motion to dismiss any of the non-TILA claims for which it may be held liable pursuant to the Holder Rule is denied. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 8/29/01

4